**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JK SOFT, INC., a California Corporation, | |
| Plaintiff, | Civil Action No.: |
| v. | 18-199 (WJM) (CLW) |
| INNOAS, INC., SEUING JAI YI a/k/a NOAH LEE, | OPINION ON MOTION FOR DEFAULT JUDGMENT |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.**

**I.   BACKGROUND**

On January 8, 2018—over seven years ago—plaintiff JK Soft, Inc. brought this action against defendants Innoas, Inc. ("Innoas") and its principal Seung Jai Yi (a/k/a Noah Lee) ("Lee") alleging that Innoas, acting through Lee, pirated plaintiff's software program and resold copies of the program without authorization. The fifteen-count complaint includes claims for copyright infringement, common law trademark infringement, trademark dilution under New Jersey state law, violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), violation of the Digital Millenium Copyright Act (17 U.S.C. § 1201), violation of the Federal Defense of Trade Secret Act (18 U.S.C. § 1836), statutory and common law unfair competition, tortious interference with economic interest, conversion, civil conspiracy to defraud, unjust enrichment, and a request for accounting. Plaintiff requested injunctive relief, damages, interest, and costs. *See* ECF No. 1.

Defendants originally answered the Complaint on February 5, 2018, at which time they were both represented by counsel. ECF No. 5. All parties participated in this litigation through the exchange of discovery. In May 2023, counsel for Defendants withdrew their representation, citing unpaid legal bills and Lee's inability to effectively participate in the litigation due to multiple unsuccessful eye surgeries that impaired his vision. ECF No. 78.

Neither defendant retained new counsel. The Clerk placed Innoas in default and struck its responsive pleading on October 11, 2023. ECF No. 89. Plaintiff moved for default judgment against both defendants on September 13, 2024, ECF No. 102, which was denied without prejudice because plaintiff had not yet moved to strike Lee's responsive pleading or place him in default, ECF No. 104. Pursuant to the Court's directive, plaintiff moved to place Lee in default and strike his answer as a sanction for failure to participate in discovery. ECF No. 105. On February 20, 2025, the Court adopted the Magistrate Judge's Report and Recommendation granting plaintiff's motion, placing Lee in default, and striking Lee's responsive pleading as a sanction for failure to participate in the litigation. ECF Nos. 109, 110.

On March 6, 2025, plaintiff moved once again for default judgment against both defendants. ECF No. 109. The following day, plaintiff filed a corrected motion for default judgment curing a procedural deficiency that was noted by the Clerk. ECF No. 110.[1]

On March 25, 2025, Lee filed two short opposition briefs, one of which was nominally directed at the incorrectly-labeled Motion to Amend, but both of which seek to respond in substance to plaintiff's motion for default judgment. *See* ECF Nos. 111, 112.[2] Plaintiff argued that his failure to participate should be excused due to medical and financial hardship and his *pro se* status following the withdrawal of his attorney. Plaintiff also notes that he has "made good faith efforts to participate in this case, including filing a Motion to Vacate the Default Judgment." ECF No. 111 at 2. Sure enough, it has come to the Court's attention that Lee filed a letter with the Court which was received on February 7, 2025,[3] detailing similar grounds for leniency and requesting additional time to respond to plaintiff's filings. In that letter, Lee provided additional details about his medical and financial hardships and noted that his proficiency in English is limited. (He noted that he "dictated [the letter] in Korean to [his] wife, who typed it on the computer and translated it into English using an online translator.") ECF No. 113.

Now before the Court is plaintiff's motion for default judgment. In light of defendants' renewed efforts to participate in the present litigation, and for the reasons set forth below, plaintiff's motion for default judgment is **DENIED WITHOUT PREJUDICE**.

## II.   DISCUSSION

Fed. R. Civ. P. Rule 55(b)(2) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). However, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 604 (E.D. Pa. 2009).

Default judgment may be entered only upon a determination by the district court that, among other things default judgment is "proper." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). *See Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co.*, 2012 WL 3018062 (D.N.J. July 24, 2012). That determination is made by assessing (1) any prejudice to the plaintiff if default judgment is denied, (2) whether the defendant appears to have

---

[1] Though filed as a "Motion to Amend/Correct," ECF No. 110, this filing merely responds to the Clerk's instruction to file the missing motion papers associated with its March 6, 2025 filing, ECF No. 109. Accordingly, the Court treats the Motion for Default Judgment and the Motion to Amend as one motion for default judgment.

[2] In light of the leniency traditionally afforded to pro se litigants, the Court has considered these materials despite the fact that the filings were due no later than March 24, 2025.

[3] As the result of an administrative error, the Court was not made aware of Lee's February 7, 2025 letter until April 15, 2025.

2

a litigable or meritorious defense, and (3) whether the default was due to the defendant's culpable conduct. *Chamberlain*, 210 F.3d at 164; *Hritz*, 732 F.2d at 1181. The Court addresses these factors in reverse order.

### A. Whether default is caused by defendant's culpable conduct

As an initial matter, there is no question that defendants have failed to meaningfully participate in this litigation since the withdrawal of their counsel. *See* ECF No. 106 (describing defendants' failure to meaningfully participate); *see also supra* Part I (same). But "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz*, 732 F.2d 1178, 1182. Lee's recent filings detail his experience being "bedridden" for "nearly a year…suffering from excruciatingly high intraocular pressure that made it impossible for [him] to open [his] eyes"; "facing eviction due to unpaid rent"; relying "on government assistance programs … to survive"; bank accounts "handed over to collections"; and other forms of "extreme hardship." *See* ECF No. 113. This significant medical and financial hardship—which is corroborated in large part by documentary evidence attached to his February 7 letter—prevented his meaningful participation as a *pro se* litigant. *See id.* at 1 ("[L]acking legal representation and support, I was unaware of the proper legal procedures and missed the objection period."). In light of these circumstances, the Court concludes that Lee's failures to participate in litigation do not appear to be the result of bad faith or willful misconduct.

### B. Whether the defendant appears to have a litigable or meritorious defense

"[A] meritorious defense is presumptively established when the 'allegations of the defendant's answer, if established on trial would constitute a complete defense to the action.'" *Hritz*, 732 F.2d at 1181. (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). As previously noted, the Court struck defendant's March 9, 2018 answer to plaintiff's complaint as a sanction for failure to participate in the litigation. *See* ECF No. 108. However, in light of the February 7 letter from Lee, which was submitted to the Court prior to the entry of that sanction but not discovered until after the sanction was entered, the Court considers the contents of the answer for the purpose of determining whether he has a litigable or meritorious defense.

Defendants' now-stricken answer contained sufficient allegations, denials, and affirmative defenses that, if their validity were established at trial, defendants would have a complete defense to the allegations against them. *See* ECF No. 5. Defendants' answer denied nearly all of the substantive allegations in the complaint, asserted twenty-five affirmative defenses, and raised twenty-one counterclaims against the plaintiff and third-party defendant Kang. *Id.* As such, it appears to the Court that defendants have presumptively established a meritorious defense.

### C. Prejudice to plaintiff arising from denial of default judgment

Finally, with respect to the prejudice to the plaintiff caused by the Court's decision not to enter default judgment at this stage, it bears repeating that this case has now been active for *seven years* without progress past the discovery phase. While plaintiff is not entirely without blame for this delay—*see, e.g.*, ECF Nos. 75 (noting plaintiff's violation of discovery order "by failing to produce responses to Defendants' third set of document requests"), 91 (ordering plaintiff's counsel to show cause for failure to appear at status conference)—the plaintiff nevertheless will

3

undoubtedly be prejudiced by continued delay. Moreover, to the extent that Lee argues that his financial and medical condition prevent him from meaningfully participating in this litigation *going forward*, continued noncompliance with Court directives and further failures to respond to plaintiff's filings cannot and will not be condoned. The Court will remain amenable to a renewed motion for default judgment in the event that significant progress is not made, and will require Lee to notify the Court regarding his plans to proceed so as to avoid default in the future.

### III.   CONCLUSION

Plaintiff's motion for default judgment is **DENIED WITHOUT PREJUDICE**. The Court's February 20, 2025 Order placing Defendant Lee in default and striking his responsive pleading is **VACATED**, and Defendant Lee's responsive pleading is **REINSTATED**. Within fourteen (14) days of the issuance of this opinion and order, Defendant Lee shall file a letter, not to exceed two (2) pages, informing the Court and plaintiff's counsel of the identity of any newly retained counsel, or alternatively, of how he plans to proceed on a *pro se* basis to avoid being placed in default again.

An appropriate order follows.

DATE: April 30, 2025

WILLIAM J. MARTINI, U.S.D.J.